**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30100 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00102-RHW |
| v. | |
| WAYNE D. MCDUFFIE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted March 15, 2016**

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Wayne D. McDuffie appeals the district court's revocation of supervised

release and the 24-month sentence imposed thereupon.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

McDuffie contends that remand is required because the district court failed to address him personally to obtain a waiver of his right to a contested hearing under Federal Rule of Criminal Procedure 32.1(b). We disagree. Although it was defense counsel who informed the district court that McDuffie wished to admit the violations of supervised release, McDuffie himself signed an acknowledgment of his Rule 32.1(b) rights prior to the hearing and repeatedly took responsibility for his violation conduct during his allocution. Thus, the record shows that McDuffie's waiver of his right to a contested hearing and admission were knowing, intelligent, and voluntary. *See United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997).

McDuffie also contends that the district court procedurally erred by failing to calculate the Guidelines range, keep the Guidelines range in mind throughout its sentencing analysis, respond to his mitigating arguments, and sufficiently explain the sentence. We review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Although the district court erred when it failed to calculate the Guidelines range, it sufficiently explained its reasons for rejecting McDuffie's mitigating arguments and imposing the within-Guidelines, statutory-maximum sentence. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). In light of the court's explanation, we conclude that

McDuffie has failed to show a reasonable probability that he would have received a different sentence if the court had calculated the Guidelines range on the record. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**